

Kaplan Martin LLP
156 West 56th Street, Suite 207
New York, NY 10019

(212) 316-9500
cleconey@kaplanmartin.com

November 12, 2024

**VIA CM/ECF**

The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square, Room 2203
New York, New York 10007

Re:    *Morrissey v. A&E Television Networks, LLC, et al.*, No. 24 Civ. 7856 (S.D.N.Y.)

Dear Judge Abrams:

We write on behalf of Plaintiff Sabrina E. Morrissey, acting in her capacity as Guardian of W.W.H. (the "Guardian"), in accordance with Rule 5 of Your Honor's Individual Rules & Practices in Civil Cases to respectfully request that the Court approve narrowly applied redactions to Defendants' portion of the parties' concurrently filed joint status letter, which Plaintiff's counsel received for review earlier today. The proposed limited redactions at page four of the joint status letter protect non-public information from the guardianship proceeding concerning W.W.H. that has been placed under seal by order of the court overseeing that proceeding.

As the Court is aware, this action is brought on behalf of W.W.H., an acclaimed entertainer who, tragically, has been afflicted by early-onset dementia and, as a result, has become cognitively impaired and permanently incapacitated. In January 2022, after becoming aware of a pattern of disturbing events concerning W.W.H.'s welfare and finances, Wells Fargo took the highly unusual step of initiating a guardianship proceeding on its own initiative in the Supreme Court of New York, New York County (the "Guardianship Proceeding"), to seek the court appointment of an independent guardian for W.W.H.'s financial affairs. To avoid the risk that sensitive information regarding W.W.H.'s health, familial relationships, and finances would be leaked to the press or otherwise publicly disclosed, the court overseeing the Guardianship Proceeding placed the entire record under seal as permitted by Article 81 of the New York Mental Hygiene Law. *See In re Alexander B.P.*, 165 A.D.3d 801, 802 (2nd Dep't 2018) (affirming Supreme Court's sealing order in guardianship proceeding pursuant to Article 81 in light of privacy interests and nature of incapacity involved).

Against this backdrop, we respectfully request that the Court grant Plaintiff's motion for limited redactions to protect non-public information from the Guardianship Proceeding that has been placed under seal by the court overseeing that proceeding. *See* ECF 1-10 at ¶ 131. Unlike documents

submitted in connection with a dispositive motion, for which the presumption of public access is at its "highest," the parties' joint status letter is at "the low[er] end of the continuum" because it does "not directly affect an adjudication" made pursuant to the Court's Article III power. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121-123 (2d Cir. 2006); *see also Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018). The proposed redactions are very narrowly drawn and do not undermine the public's ability to understand the core facts and legal arguments at issue in this litigation or to otherwise monitor the federal courts' execution of their judicial function. *See, e.g.*, *Citgo Petroleum Corp. v. Starstone Ins. SE*, No. 21 Civ. 389, 2023 WL 7497858, at *2 (S.D.N.Y. Nov. 9, 2023) (permitting "limited, targeted" redactions where the public would still "be able to read and understand each document"); *Church & Dwight Co. v. SPD Swiss Precision Diagnostics GmbH*, No. 14 Civ. 585, 2018 WL 4253181, at *2 n.1 (S.D.N.Y. Sept. 5, 2018) (permitting "narrowly tailored" redactions to post-trial submissions).

We respectfully submit that approval of the proposed limited redactions is especially warranted here given the sensitive nature of the information and the privacy interests at stake, "countervailing factors" that are properly considered in reviewing a motion for sealing. *Lugosch*, 435 F.3d at 120. As is true in this action, personal and sensitive issues concerning an incapacitated or alleged incapacitated person's well-being are regularly at issue in guardianship proceedings, including information concerning the incapacitated person's health, familial relationships, and finances. Consequently, as the court overseeing the Guardianship Proceeding found in that proceeding, it is often necessary to seal the entire record to protect the incapacitated person's privacy and dignity. *See, e.g.*, *In re Alexander B.P.*, 165 A.D.3d at 802. At this early stage in this proceeding, we respectfully submit that deference should be afforded to the Supreme Court's informed decision to seal the Guardianship Proceeding record. *See SmartSky Networks, LLC v. Wireless Sys. Sols., LLC*, 682 F. Supp. 3d 461, 468 (M.D.N.C. 2023) ("The court will not second guess the bankruptcy court's determination that certain of its proceedings should remain confidential.").

For these reasons, we respectfully ask the Court to permit the limited redactions to page four of the parties' joint status letter. Defendants do not oppose Plaintiff's motion for sealing for purposes of this letter, and defer to the Court's determination of whether the redacted material meets the standard for sealing. We appreciate the Court's consideration of this matter, and are of course happy to submit any additional information or materials that would aid the Court in its consideration of Plaintiff's request for sealing.

Respectfully submitted,

*/s/ Christopher R. Le Coney*

Christopher R. Le Coney
KAPLAN MARTIN LLP
156 West 56th Street, Suite 207
New York, New York 10019
Tel.: (212) 316-9500
cleconey@kaplanmartin.com

*Counsel for Plaintiff Sabrina E. Morrissey, acting in her capacity as Guardian of W.W.H.*

It is unclear to the Court why Plaintiff's proposed redactions are justified. No later than November 15, 2024, Plaintiff shall explain its justification so the Court may "conduct an individualized review," *Brown v. Maxwell*, 929 F.3d 41, 51 (2d Cir. 2019), and make "specific, on-the-record findings" as to whether sealing is necessary, *Lugosch*, 435 F.3d at 126. Pending resolution of Plaintiff's motion to seal, the parties' joint letter will be temporarily redacted.

SO ORDERED.

Hon. Ronnie Abrams
November 14, 2024

2