

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Abigail B. Everdell**
212 603 6468 tel
212 379-5244 fax

abigaileverdell@dwt.com

November 15, 2024

**VIA FAX & ECF**
Hon. Ronnie Abrams.
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

Re:   *Morrissey v. A&E Television Networks, LLC, et al.*, No. 1:24-cv-07856

Dear Judge Abrams:

      We are counsel to Defendants A&E Television Networks, LLC, Lifetime Entertainment Services, LLC, Entertainment One Reality Productions, LLC, Creature Films, Inc, and Mark Ford (together, "Defendants").  We write pursuant to Rule 5(iii) of Your Honor's Individual Rules and Practices in Civil Cases to request leave to file under seal versions of the following documents from the since-removed state court proceeding in New York Supreme Court, Commercial Division:

- Summons and Verified Complaint (slipsheet at Ex. 1 to Notice of Removal, ECF No. 1-1)[1]

- Unredacted Amended Verified Complaint (slipsheet at Ex. 11 to Notice of Removal, ECF No. 1-11)[2]

- Exhibit A to the Unredacted Amended Verified Complaint (slipsheet at Ex. 12 to Notice of Removal, ECF No. 1-12)

- Exhibit B to the Unredacted Amended Verified Complaint (slipsheet at Ex. 13 to Notice of Removal, ECF No. 1-13)

      Defendants make this request because Plaintiff moved to file these documents under seal in the state court proceeding.  Pursuant to stipulation by the parties, the Commercial Division Court entered an order sealing an unredacted copy of Plaintiff's original Summons and Verified Complaint (see ECF No. 1-6).  Plaintiff also moved to seal the Unredacted Amended Verified

---

[1] A redacted copy of the Verified Complaint is filed publicly as Exhibit 5 to the Notice of Removal (ECF No. 1-5).

[2] A redacted copy of the Amended Verified Complaint is filed publicly as Exhibit 10 to the Notice of Removal (ECF No. 1-10).

Hon. Ronnie Abrams
November 14, 2024
Page 2

Complaint and exhibits thereto (ECF Nos. 1-11, 1-12, 1-13), but that motion was still pending when this matter was removed.

      Defendants do not, however, take any position as to whether the material should remain under seal. Plaintiff is aware of her obligation under Rule 5(i) of Your Honor's Individual Rules and Practices in Civil Cases to file a letter within three days explaining the need for these documents to be sealed in part or in whole. Defendants defer to Your Honor's determination of whether Plaintiff meets her burden of demonstrating that the redactions are "necessary to preserve higher values and . . . narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).

      We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ *Abigail B. Everdell*
Abigail B. Everdell

Application granted. Pending resolution of the motion to seal, the aforementioned documents will be temporarily sealed. No later than November 19, 2024, Plaintiff shall file a letter explaining the need to seal each of these documents so the Court may "conduct an individualized review," *Brown v. Maxwell*, 929 F.3d 41, 51 (2d Cir. 2019), and make "specific, on-the-record findings" as to whether, and the extent to which, sealing is appropriate, *Lugosch*, 435 F.3d at 126.

SO ORDERED.

_____
Hon. Ronnie Abrams
November 15, 2024