

Kaplan Martin LLP
156 West 56th Street, Suite 207
New York, New York 10019

Christopher R. Le Coney
(212) 316-9500
cleconey@kaplanmartin.com

November 21, 2024

**VIA CM/ECF**

The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square, Room 2203
New York, New York 10007

    Re:    *Morrissey v. A&E Television Networks, LLC, et al.*, No. 24 Civ. 7856 (S.D.N.Y.)

Dear Judge Abrams:

    We write on behalf of Plaintiff Sabrina E. Morrissey, acting in her capacity as Guardian of W.W.H. (the "Guardian"), pursuant to Rule 5 of Your Honor's Individual Rules & Practices in Civil Cases, as well as the Court's November 15 and 19 orders (ECF Nos. 34, 36, 37), in support of the continued sealing of certain redacted information in the materials that Defendants provisionally filed under seal on November 15, 2024.[1]

**I.    Plaintiff Proposes Lifting Redactions Applied to Information that Is Already Publicly Available**

    Following the initial pretrial conference on November 19, the parties met and conferred by phone on November 20, and by email on November 21, to discuss the redactions in Defendants' November 15 filings. As a result of that productive dialogue, Plaintiff, with Defendants' agreement, proposes removing a number of redactions in Defendants' November 15 filings, nearly all of which were applied to information about W.W.H. and/or the Guardianship Proceeding[2] that has been, unfortunately, leaked to the public and disseminated in media and online reports. *See United States*

---

[1] The materials Defendants filed on November 15 include Plaintiff's original state court Summons and Verified Complaint (ECF No. 25-1); the unredacted Amended Verified Complaint and the two exhibits thereto (ECF Nos. 25-2 through 25-4); A&E Television Networks, LLC and Lifetime Entertainment Services, LLC's Verified Answer and Affirmative Defenses to Plaintiff's Amended Complaint and Counterclaim (ECF No. 27); Entertainment One Reality Productions, LLC's Verified Answer and Affirmative Defenses to Plaintiff's Amended Complaint and Counterclaim (ECF No. 29); and Creature Films, Inc, and Mark Ford's Verified Answer and Affirmative Defenses to Plaintiff's Amended Complaint and Counterclaim (ECF No. 31).

[2] All capitalized terms not defined herein have the meanings ascribed to them in the November 15 Letter.

*v. Paduch*, 2024 WL 167198, at *2 (S.D.N.Y. Jan. 16, 2024) (Abrams, J.) ("Courts in this Circuit . . . 'routinely deny sealing requests where . . . the information to be sealed is already publicly available.'") (quoting *Grossberg v. Fox Corp.*, 2023 WL 2612262, at *1 (S.D.N.Y. Mar. 23, 2023)). Specifically, Plaintiff proposes removing the following redactions:[3]

- ***In the Original Complaint***:[4] ¶ 2 (first sentence); ¶¶ 8, 31, 32; ¶ 36 (second sentence); ¶ 37 (second redaction); ¶¶ 39, 49, 58, 66 (except between "captioned" and "and pending") ¶ 69;

- ***In the Amended Complaint***: ¶ 1 (beginning "Justice" through "temporary"); ¶ 13 (through "Guardian for W.W.H."); ¶ 15 (through "permanent"); ¶¶ 16, 113 (beginning "a restriction" through end); ¶ 114 ("W.W.H. was" through "W.W.H. accounts") & n.38; ¶ 120 ("among" through "Attorney"); ¶¶ 123-24, 126, 220, 223 (through "permanent guardian"); ¶ 226 (first redaction); ¶ 228;

- ***In A&E's Answer & Counterclaim***: Answer ¶ 27 (except between "signed" and "by W.W.H.," handwritten note above signature, and parenthetical description under image); ¶¶ 123, 125 (through "capacity to," between "though affirmatively" and "W.W.H.'s signature," and from "To the" through the end); ¶ 143 (except between "W.W.H." and "to a Court"); ¶ 154 (same as 27); Counterclaim ¶ 41 (except between "demonstrates W.W.H.'s" and "and W.W.H's");

- ***In eOne's Answer & Counterclaim***: Answer ¶ 27; ¶ 28 (except between "capacity to" and "two"); ¶¶ 123, 125, 143, 154; Counterclaim ¶ 49; and

- ***In Creature's Answer & Counterclaim***: Answer ¶¶ 27, 28, 123, 125, 143; Counterclaim ¶ 52.

II.  **The Remaining Redacted Information Should Remain Sealed to Protect W.W.H.'s Privacy Interests**

Plaintiff respectfully submits that the remaining redactions in Defendants' November 15 filings should be maintained under seal, both to ensure the parties' compliance with the existing sealing orders in related proceedings, *see* ECF No. 33 at 1-2, and to protect W.W.H.'s legitimate

---

[3] To aid the Court's review of what are numerous proposed modifications to Defendants' November 15 filings, we have submitted today under seal revised versions of each document that are color coded. Highlighted in green are the previously applied redactions that Plaintiff believes can be lifted; highlighted in yellow are the previously applied redactions that Plaintiff submits should be maintained under seal.

[4] The version of Plaintiff's original Complaint that Defendants filed under seal on November 15 at ECF No. 25-1 did not reflect the redactions that were previously applied to the version of that document that was filed, with redactions, at ECF No. 1-5. The proposed modifications to that document in our submission today correspond to those existing redactions in the publicly filed version of the Complaint that is available at ECF No. 1-5. For the avoidance of doubt, Plaintiff does not, and never has, argued that the entire original Complaint in this action should be sealed.

privacy interests in a manner that is consistent with the standard set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).

Plaintiff acknowledges that the pleadings at issue are, of course, "judicial documents," to which a presumption of access attaches. *Lugosch*, 435 F.3d at 119-20. But that presumption is not absolute, as "portions of pleadings may be filed under seal where doing so is necessary to preserve higher values, and the request is narrowly tailored to serve that interest." *Leonard v. John Hancock Life Ins. Co. of N.Y.*, 2020 WL 1547486, at *1 (S.D.N.Y. Mar. 31, 2020) (citation and internal quotation marks omitted). Here, the narrowly tailored redactions set forth below protect highly sensitive, personal information that implicates W.W.H.'s protected privacy interests that are "[f]oremost among the competing concerns" that will overcome the generally applicable presumption of access. *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020); *see also* Fed. R. Civ. P. 5.2.

***Information Sealed by Guardianship Proceedings.*** As an initial matter, we note that all of the information that Plaintiff proposes should be maintained under seal is information that was sealed by the Guardianship Court in connection with the Guardianship Proceeding and which has not otherwise been publicly disclosed. As outlined in our letter dated November 15, 2024, ECF No. 33 ("November 15 Letter"), the Guardianship Proceeding concerning W.W.H. has involved an extremely intimate examination of W.W.H.'s mental and physical health, her relationships with her family members, and numerous other private matters, including her finances and her ability to manage her personal affairs. For that reason, the Guardianship Court (consistent with the powers afforded to it under New York law, *see* N.Y. Mental Hyg. Law § 81.14(b)) sealed the entire record of the Guardianship Proceeding, and further enjoined all parties to the Guardianship Proceeding from disclosing any information concerning the proceeding in any unauthorized context. *See* ECF No. 33 at 1-2. Those orders legally obligate the Guardian to seek the sealing of all non-public information concerning the Guardianship Proceeding that is included in Defendants' November 15 filings. *See Trump v. Engoron*, 222 A.D.3d 505, 505 (1st Dep't 2023) (denying appeal from trial court order holding party in contempt for violating court gag order); *B.W. v. J.W.*, 77 Misc. 3d 1210(A) (N.Y. Sup. Ct. 2022) (holding party in contempt for violating court order prohibiting certain public communications concerning the proceeding).

***W.W.H.'s Status in the Guardianship Proceeding and Corresponding Guardian Powers:*** Even in the absence of the Guardianship Court's sealing orders, the redactions that Plaintiff proposes should be maintained in Defendants' November 15 filings are narrowly tailored to protect information regarding W.W.H.'s status in the Guardianship Proceeding that is of a highly personal and sensitive nature. As set forth in our November 15 Letter, disclosing non-public details regarding the status of W.W.H's guardianship proceeding, findings by the Guardianship Court, or information about the specific authority that has been granted to the Guardian, would, either explicitly or by negative inference, disclose the Guardianship Court's assessment of the various mental and physical challenges facing W.W.H. *See* ECF No. 33 at 3-4. For that reason, the information is extremely personal and sensitive. *See A.B.-L. ex rel. Weiss v. N. Shore Cent. Sch. Dist.*, 2018 WL 1773496, at *4 n.8 (E.D.N.Y. Jan. 26, 2018) (ordering that documents from guardianship proceeding be placed

under seal). Accordingly, the Guardian respectfully submits that the information that remains redacted in the following paragraphs, after the revisions noted above in Section I, should be maintained under seal to protect W.W.H's privacy interests:

- *In the Original Complaint*: ¶ 2 (second sentence); ¶¶ 9, 33, 37, 48, 67, 73;

- *In the Amended Complaint*: ¶¶ 1, 13, 15, 125, 129-30, 221, 223, 226, Ex. A, Ex. B;

- *In A&E's Answer & Counterclaim*: Answer ¶ 125 (between "capacity" and "though"); ¶ 143; Counterclaim ¶¶ 40-41;

- *In eOne's Answer & Counterclaim*: Answer ¶ 28; ¶ 125 (between "capacity" and "though"); ¶¶ 143, 152; Counterclaim ¶¶ 48-49; and

- *In Creature's Answer & Counterclaim*: Answer ¶ 28; ¶ 125 (between "capacity" and "though"); ¶¶ 143, 152; Counterclaim ¶¶ 51-52.

*Medical Diagnoses and Treatments.* What is more, some of the information in Defendants' November 15 filings that Plaintiff proposes should be maintained under seal concerns W.W.H.'s medical diagnoses and treatments, material that constitutes "sensitive information" meriting sealing under both *Lugosch* as well as Your Honor's Individual Rule 5(A)(i). *See* Ind. R. 5(A)(i) ("sensitive information" does not require Court approval to redact (citing Fed. R. Civ. P. 5.2 and the Southern District's ECF Privacy Policy)); *see also Doe v. Hirect One, Inc.*, 2022 WL 3903597, at *2 (S.D.N.Y. Aug. 30, 2022) (Abrams, J.) (authorizing the redaction of sensitive medical information from plaintiff's complaint). The information that remains redacted in the following paragraphs, after the revisions noted above in Section I, contains such sensitive information and should remain under seal:

- *In the Original Complaint*: ¶ 36 (first sentence)[5]; ¶¶ 57, 73; and

- *In the Amended Complaint*: ¶ 1 (last sentence); ¶ 13 (portion of paragraph appearing on page 6); ¶¶ 15, 110; ¶ 112 (second sentence); ¶ 114 (last sentence); ¶ 116 (last sentence); ¶ 118 (last sentence); ¶¶ 119, 127-30, 223, 226, 227.

\* \* \*

For the reasons set forth above and in our November 15 Letter, we respectfully request that the Court order (i) the lifting of the redactions identified in Section I above, and (ii) the maintaining

---

[5] This sentence should be sealed for the additional reason that disclosing it presents a security risk for W.W.H. Individuals associated with the Guardianship Proceeding, including the Guardian and W.W.H.'s former financial advisor, have received death threats following public reporting of their involvement. *See* November 15 Letter at 4 n.3; *see also Dominguez v. City of San Jose*, No. 18 Civ. 4826, 2022 WL 1131728, at *2 (N.D. Cal. Mar. 28, 2022) (sealing video footage submitted in connection with summary judgment briefing where police officer depicted in footage had received death threats, and footage might be used to "identify and target" officer).

Hon. Ronnie Abrams
November 21, 2024
Page 5 of 5

of the narrowly tailored redactions identified in Section II of this letter.[6] Should the Court wish to receive any additional information regarding the Guardianship Proceeding or any of the information that Plaintiff proposes should be maintained under seal, we would be happy to submit such information as directed.

Respectfully submitted,

Christopher R. Le Coney

cc:   All counsel of record (via ECF)

(Enclosures)

---

[6] As Defendants noted in their November 15 provisional sealing letters, ECF Nos. 24, 26, and as they reaffirmed in our correspondence with them earlier today, Defendants take no position as to the merits of the redactions that Plaintiff seeks to maintain under seal.