

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Rachel Strom**
212-402-4069 tel
212-379-5201 fax

rachelstrom@dwt.com

August 21, 2025

**VIA CM/ECF**

The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square, Room 2203
New York, New York 10007

Re:   *Morrissey v. A&E Television Networks, LLC, et al.*, No. 24-cv-07856-RA (S.D.N.Y.)

Dear Judge Abrams:

      We are counsel for Defendants-Counterclaimants in the above-referenced action. Pursuant to the Court's August 14, 2025 Order, we write to respond to Plaintiff's letter to the Court dated August 13, 2025 objecting to Defendants' request for an early deposition of W.W.H.  *See* ECF Nos. 70, 71.

      Plaintiff's letter asks this Court to put this lawsuit on the backburner while Plaintiff requests incremental stays (this now being her third request) until various other litigations can be fully completed, all the while refusing to allow any access to *the* most important witness in this case who she claims has a degenerative cognitive disease.  Right now, W.W.H. is loudly and publicly declaring that she is aligned with the Defendants and does not "want any part" of this lawsuit.[1]  So, Plaintiff's plan would have us all wait until W.W.H.'s alleged condition prevents Defendants from ever obtaining that critical testimony in this case.

      While the term of art is almost cliché at this point, Plaintiff is using W.W.H.'s alleged medical condition as a sword – by bringing this lawsuit in the first place – and a shield – by refusing to allow Defendants access to critical information to defend this case.  Frankly, Plaintiff should either drop this case, or fully proceed with it.  Otherwise, the prejudice to the Defendants to wait to depose W.W.H. would be insurmountable.  At the very least, Defendants should be able to depose W.W.H. as soon as possible.

      **First**, Plaintiff may not indefinitely pause a case that she herself brought while she tries to resolve unrelated legal challenges to W.W.H.'s guardianship by her family and ex-husband.  When Plaintiff initially asked this Court for a stay on February 14, 2025, she represented that a "short

---

[1] https://www.yahoo.com/entertainment/wendy-williams-speaks-again-says-231500934.html

Honorable Ronnie Abrams
August 20, 2025
Page 2

stay of discovery" was needed to allow for a "renewed medical evaluation of W.W.H." to be performed. ECF No. 58 at 6. At the time, she stated that the stay would be "limited in duration" and would not "unduly prejudice any party." ECF No. 58. That medical reevaluation that formed the basis of the initial stay request is now complete. ECF No. 69 at 1. Yet Plaintiff continues to oppose any action to move this case forward.

Six months and three successive stay-requests later, *see* ECF Nos. 57, 66, 68, it has become clear that Plaintiff intends to put this case on hold until she can resolve all lawsuits involving W.W.H.'s guardianship, which could take years. Such indefinite stays are "disfavored," *Medina v. Angrignon*, No. 15-CV-0427RJA, 2022 WL 1555083, at *2 (W.D.N.Y. May 17, 2022), and would amount to an "extraordinary remedy" that is not warranted here simply because there could be overlap with matters pending in the Guardianship Court. *Nat'l Indus. for Blind v. Dep't of Veterans Affs.*, 296 F. Supp. 3d 131, 137 (D.D.C. 2017). *Cf. JHW Greentree Cap., L.P. v. Whittier Tr. Co.*, No. 05 CIV. 2985 (HB), 2005 WL 1705244, at *1 (S.D.N.Y. July 22, 2005) ("absent an indictment, a stay is an extraordinary remedy and disfavored" even where issues in criminal case potentially overlap with those presented in civil case). A hypothetical fear of inconsistent judgments in unrelated cases cannot outweigh Defendants' need to preserve testimony from a critical witness in this case.

**Second**, deferring W.W.H.'s deposition while Plaintiff litigates W.W.H.'s guardianship would be highly prejudicial to Defendants. The nature of W.W.H.'s purported progressive neurological disease means time is quite literally of the essence. Defendants need to take her deposition now to preserve her testimony and protect their ability to defend against the claims levied against them. Plaintiff's August 13, 2025 letter repeatedly points to W.W.H.'s medical condition as a reason for delaying her deposition. *See generally* ECF No. 70. But W.W.H's purported *degenerative* condition is all the more reason to depose her as soon as practicable. Defendants are sensitive to the concerns raised in her letter about W.W.H.'s health, but if Plaintiff is correct, W.W.H. will only get worse and the ability to depose her will get harder or be taken off the table completely.

For instance, Plaintiff claims a deposition of W.W.H. "would require extensive accommodations to avoid undue harm," and cites *In re McCorhill Pub., Inc.*, 91 B.R. 223 (Bankr. S.D.N.Y. 1988) for the proposition that deposing individuals with dementia carries inherent risks. ECF No. 70 at 2. But in that case, the individual sought to be deposed had "reached a vegetative state of senile dementia" and his doctor testified that a deposition could cause him to be "catapulted into heart failure." *McCorhill*, 91 B.R. at 225. At this point, W.W.H. is hardly senile or in a vegetative state, and appropriate accommodations could be devised. *See, e.g.*, *Qube Films Ltd. v. Padell*, No. 13-CV-8405 AJN, 2015 WL 109628, at *1 (S.D.N.Y. Jan. 5, 2015) (denying motion for a protective order that would prevent defendant from being deposed, and providing for limited accommodations, even though defendant suffered from "cognitive decline associated with Parkinson's disease and dementia," and "[e]ven though the Court has appointed a guardian *ad litem* to protect Padell's interests in this litigation in light of the very serious concerns regarding his cognitive abilities."). Indeed, the very reason Plaintiff sought a reevaluation of W.W.H. is

Honorable Ronnie Abrams
August 20, 2025
Page 3

because she is coherently and consistently telling the press that she does not want this lawsuit to proceed and is not at all aligned with her guardian. Understandably then, Plaintiff claims only that a deposition of W.W.H. would be "impractical and potentially harmful," ECF No. 70 at 1, but if too much time passes, there is a real risk that any testimony W.W.H. could provide would be lost.

**Third**, Plaintiff's concerns about issues such as the scope and timing of the deposition, or "inefficiencies" caused by deposing her at this stage of discovery, ignore W.W.H.'s purported progressive neurological condition. In an ideal world, Defendants would of course prefer to depose a healthy W.W.H. after discovery was well underway. Candidly, Defendants may need to reopen her deposition in the future. But what Defendants cannot do is sit on their hands and allow themselves to be prejudiced by the passage of time.

As Plaintiff recognizes, W.W.H.'s testimony is likely to be "one of the most significant in the case." ECF No. 70 at 3. And, Defendants are willing to work with Plaintiff to minimize as much as possible any risk of harm or burden to W.W.H.; provide her with necessary accommodations; and address "conflicting directives" from this Court and the Guardianship Court if and when they arise. ECF No. 70 at 2. But, Plaintiff's concerns over W.W.H.'s health call for an earlier – not later – deposition.

**Finally**, Plaintiff's claim that this case should be stayed given the "uncertainty over what information regarding W.W.H.'s medical condition may be disclosed with the authorization of the Guardianship Court" is meritless and inconsistent with the conduct of Plaintiff and/or her team. ECF No. 70 at 1. Preliminarily, Defendants have never opposed reasonable protective orders in this case, and they will continue to work with Plaintiff's counsel on appropriate protective orders so that we may all proceed. But Plaintiff's argument smacks of hypocrisy given that she and her team have no issue speaking to the press about W.W.H's condition when they see fit. https://www.tmz.com/2025/01/16/wendy-williams-attorney-says-shes-still-suffering-from-dementia/ ("**Roberta Kaplan**, Wendy's attorney, tells us ... Wendy is still dealing with frontal lobe dementia -- a neurological disease with no cure.") (bold in original); https://people.com/wendy-williams-medical-exam-complete-dementia-diagnosis-upholds-her-guardianship-exclusive-11695906 ("sources" confirming to *People* magazine earlier this month that W.W.H. was "re-diagnosed with frontotemporal dementia."). While Plaintiff's team has openly discussed W.W.H.'s medical evaluation with the press, Defendants have no intent of making this matter unnecessarily public. Indeed, if the Court holds a conference on Plaintiff's stay request, Defendants would not object to having that conference held privately. Defendants just seek to be able to defend this case without undue prejudice – or have the case dismissed, should Plaintiff not wish to proceed with it in a timely manner.

We thank this Court for its attention to this matter.

Respectfully submitted,

By: /s/ *Rachel F. Strom*
Rachel F. Strom

4930-9728-8544v.2 0052023-000124